UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AZURIAH HOSKINS,<br>Plaintiff, | Case No. 1:18-cv-305<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| HAMILTON COUNTY JUVENILE<br>COURT, et. al.<br>Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff Azuriah Hoskins brings this action against defendants the Hamilton County, Ohio Board of Commissioners (the Board); Hamilton County Commissioners Todd Portune, Denise Driehaus, and Chris Monzel (the Commissioners) in their official capacity; Hamilton County Juvenile Court Administrator John M. Williams in his official and individual capacities; and correctional officers Peterson and Turner and supervisors Lonzman and Allen, each of whom he has named in their official and individual capacities. Plaintiff brings claims under 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff also brings state law claims for (1) assault and battery, and (2) infliction of emotional distress. This matter is before the Court on the Commissioners' motion to dismiss (Doc. 9), plaintiff's response in opposition (Doc. 14), and defendants' reply in support of their motion (Doc. 15). For the reasons set forth below, the Court recommends that the Commissioners' motion to dismiss be granted in part.

**I. The Complaint**

Plaintiff's complaint makes the following allegations: On or about March 2, 2018, plaintiff Hoskins was housed at the Hamilton County, Ohio Juvenile Court Detention Center. On that date, plaintiff and defendant Peterson got into an altercation when plaintiff asked if he could go to his room to eat his breakfast rather than remaining in the pod. The two exchanged words. Peterson told plaintiff, "[N]o, shut the fuck up" and, "[A]s a matter of fact you can go in your

room for the rest of the day." Plaintiff remained seated in the pod and responded, "I'm not going to my room." Defendant Peterson called for assistance at this point and fellow officer Turner responded. While plaintiff was seated, defendant Turner grabbed plaintiff's right arm as defendant Peterson grabbed the left. The two defendants forced plaintiff out of his chair and shoved him to the ground in the pod. The defendants fell on either side of plaintiff while holding both of plaintiff's arms. Defendant Peterson then began bending plaintiff's wrist forward. Plaintiff said, "my wrist, my wrist." After they exchanged more words, defendants Peterson and Turner let plaintiff get up from the floor while maintaining their hold on plaintiff's arms.

The two defendants then escorted plaintiff back to his room. Plaintiff kicked the partially open door to his cell room. Defendants Peterson and Turner then pushed plaintiff to the floor in front of his bed while still holding both of his arms. Plaintiff's knees were on the floor and his upper torso and head were on the bed as defendant Peterson started bending plaintiff's arm back like a "chicken wing." Plaintiff said, "my arm, my arm," but Peterson kept bending plaintiff's arm until plaintiff heard a "pop." Defendant Turner then asked, "[Y]ou done, you done?" Plaintiff did not respond because he was in so much pain.

Defendants let go of plaintiff's arms, walked out of the room, and shut the door. Turner came back repeatedly to check on plaintiff, and plaintiff told Turner he thought his arm was broken. Turner told plaintiff he was going to send a nurse up "but it will take a while because we are short of staff." About 30 minutes passed before the nurse came to plaintiff's room and gave him Tylenol. The nurse and Turner told plaintiff that they were going to try to get him to a hospital. Plaintiff sat in his room for approximately one hour before he was transported to Children's Hospital. His arm was broken in three places. The injury occurred when plaintiff was not resisting and was face down on his bed.

2

## II. Defendants' Motion to Dismiss

The Commissioners move to dismiss plaintiff's claims against them for failure to state a claim upon which relief may be granted. They allege that under Ohio statutory law, the Board has no authority or operational control over the Hamilton County Juvenile Court or the Juvenile Court Detention Center, including no say in who the Juvenile Court Detention Center hires or how those employees are trained or disciplined. The Commissioners argue that they therefore cannot be held liable in their official capacity for the actions and events alleged in the complaint.

Plaintiff argues in response that it is not the Court's task at the pleading stage to undertake an exhaustive analysis of the legal validity of a claim. Plaintiff asserts that the complaint need only give the defendant fair notice of what the claim is and the grounds upon which it rests. Plaintiff contends that the defendants have some degree of liability and that the case must proceed to the discovery stage for a determination of whether defendants had an affirmative or special duty to act and whether their behavior was wanton and reckless.

In reply, defendants assert that Ohio Rev. Code § 2151.70 clearly demonstrates that the Commissioners have no operational control over a county juvenile detention facility. The Commissioners argue that they cannot be held liable for plaintiff's alleged injury and that no further legal analysis is required to resolve the motion to dismiss.

## III. Rule 12(b)(6) Standard

Defendants move to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) on the ground the complaint fails to state a claim upon which relief can be granted. (Doc. 9). In ruling on a Rule 12(b)(6) motion, the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a

short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). The Court need not accept as true the plaintiff's legal conclusions. *See Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003).

## IV. Section 1983 liability

To prevail on his §1983 claims, plaintiff "must establish that a person acting under color of state law deprived [him] of a right secured by the Constitution or laws of the United States." *Smoak v. Hall*, 460 F.3d 768, 777 (6th Cir. 2006) (quoting *Waters v. City of Morristown*, 242 F. 3d 353, 358-59 (6th Cir. 2001)). Plaintiff brings his § 1983 claims against the Commissioners in their official capacity. An official-capacity suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978)). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is to be treated as a suit

4

against the government entity. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 544 (1986) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Individuals sued in their official capacity under § 1983 have "no personal stake in the outcome of the litigation. . . ." *Id.* at 543-44. A judgment against an individual sued "'in his official capacity' imposes liability on the entity that he represents. . . ." *Id.* (quoting *Holt*, 469 U.S. at 471). Thus, "while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgement in an official-capacity suit must look to the government entity itself." *Id.* (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)).

Plaintiff's claims against the individual Commissioners in their official capacity must therefore be treated as a suit against the appropriate government entity. Whether a county or county agency named as a defendant has the capacity to be sued is governed by the law of the state in which the district court sits. *Wilson v. Trumbull County Dept. of Job and Fam. Services*, No. 4:12-cv-02163, 2013 WL 5820276, at *3 (N.D. Ohio Oct. 29, 2013) (citing Fed. R. Civ. P. 17(b); *Lowe v. Hamilton County Dep't of Job & Family Servs.*, No. 1:05cv117, 2008 WL 816669 at * 2 (S.D. Ohio March 26, 2008)). Under Ohio law, a county is not *sui juris*. *McGuire v. Ameritech Services, Inc.*, 253 F. Supp.2d 988, 1015 (S.D. Ohio 2003); *Hughes v. Donini*, No. 1:13-cv-569, 2015 WL 11199295, at *2 (S.D. Ohio Mar. 27, 2015) (citing *Williams v. Warren County, Ohio,* No. 1:08-cv-899, 2011 WL 1980015, at *7 (S.D. Ohio Mar. 4, 2011) (Report and Recommendation), *adopted sub nom., Williams v. Warren County,* 2011 WL 1980204 (S.D. Ohio May 20, 2011)). A lawsuit must therefore be brought against a county's commissioners for the county's alleged violation of an individual's rights. *McGuire*, 253 F. Supp.2d at 1015; *Wilson*, 2013 WL 5820276, at *3-4 (citing Ohio Rev. Code § 305.12; *Black v. Hamilton County*

5

*Public Defender Comm'n,* No. 1:12-cv-503, 2013 WL 684394, at *4 (S.D. Ohio Feb.25, 2013) (Report and Recommendation), *adopted*, 2013 WL 1155253 (S.D. Ohio Mar. 19, 2013) (in turn citing *Williams,* 2011 WL 1980015, at *7)).

A government agency may not be held liable under § 1983 under the theory of *respondeat superior* for an injury inflicted solely by its employees. *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell,* 436 U.S. at 694). An agency may be liable under § 1983 for its employees' unconstitutional conduct only where the agency itself caused the constitutional injury through a government policy or custom. *Id.* (citing *Monell*, 436 U.S. at 694). A plaintiff may show the existence of an unlawful policy or custom by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Id.* (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). Where a plaintiff attempts to impose liability on a government agency based on a single act, he must demonstrate that an official responsible for establishing "final policy with respect to the subject matter in question" made a "deliberate choice to follow a course of action . . . from among various alternatives," and the course of action was the "moving force" behind the plaintiff's injury. *Id.* at 479 (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483, 484-85 (1986)).

## V. Plaintiff's § 1983 claims against the Commissioners should be dismissed.

The Commissioners contend that they must be dismissed from this lawsuit because the Board cannot be held liable for the actions of the Hamilton County Juvenile Court or the Juvenile Court Detention Center. (Doc. 9). They allege that Ohio Rev. Code § 2151.70 makes it clear that

6

the Commissioners have no operational control over a county juvenile detention center. (*Id.* at 3). In response, plaintiff alleges that the Commissioners received fair notice of his claims and an analysis of their legal validity should not be undertaken at the pleading stage. Plaintiff argues it is clear that the Board can be held liable for the actions of employees of the Juvenile Court Detention Center under § 1983, but further discovery is needed to establish the Board's liability in this case.

Plaintiff makes one allegation in the complaint related to the Board. In identifying the parties, plaintiff alleges that "the Hamilton County Board of Commissioners are responsible for regulating and supervising [the] Hamilton County Ohio Juvenile Court." (Doc. 2 at 2). The complaint does not allege that the Board has any responsibility for the Juvenile Court Detention Center where the incident giving rise to the complaint occurred.

The governing Ohio statutes demonstrate that contrary to plaintiff's allegation, the Board is not responsible for "regulating and supervising" either the Hamilton County Juvenile Court or the Juvenile Court Detention Center. Under the statutory scheme, "[t]he judge, in a county maintaining a [facility] created under section 2151.65 of the Revised Code, shall appoint the superintendent of any such facility." Ohio Rev. Code § 2151.70. The judge fixes the compensation of the superintendent and other employees of a county facility, which together with other maintenance expenses must be paid in accordance with Ohio Rev. Code § 2151.13. *Id.* The superintendent in turn "shall appoint all employees of such facilities"; "shall have entire executive charge of such facility, under supervision of the judge"; and "shall control, manage, and operate the facility, and shall have custody of its property, files and records." *Id.* Ohio Rev. Code Ann. § 2151.65 provides that a board of county commissioners may, "[u]pon the advice and recommendation of the juvenile judge," provide a facility where certain children as provided

7

under statute "may be held for training, treatment, and rehabilitation." Chapters 2151 and 2152 of the Revised Code govern the maintenance of such a facility. Ohio Rev. Code Ann. § 2151.65. Section 2151.08 provides that in Hamilton County, Ohio, "the powers and jurisdiction of the juvenile court as conferred by Chapters 2151. and 2152. of the Revised Code shall be exercised by the judge of the court of common pleas" and that "[t]his conferral of powers and jurisdiction on the specified judges shall be deemed a creation of a separately and independently created and established juvenile court in Hamilton county, Ohio." Ohio Rev. Code § 2151.08. The Board is responsible for appropriating funding for the juvenile court and operation of the detention facility. Ohio Rev. Code § 2151.10.

Thus, under the statutory scheme, the Board has the authority to appropriate funds for the Juvenile Court Detention Center but no authority over the facility's hiring decisions, executive management decisions, or daily operations. Plaintiff does not claim that the Board exceeded its limited statutory authority in this matter. Plaintiff does not allege that the Board had in place a policy or custom related to operation of the Juvenile Court Detention Center. Instead, plaintiff seeks to impose § 1983 liability on the Board based on a theory of *respondeat superior*. Plaintiff alleges only that the Board is "responsible for regulating and supervising the Hamilton County Juvenile Court" (Doc. 2 at 2) and by extension the Juvenile Court Detention Center. (Doc. 14 at 4-5). Plaintiff further argues in opposition to the motion to dismiss that the Board has supervisory authority over the Juvenile Court Detention Center. (*Id*. at 5-6). These allegations do not suffice to state a claim for relief against the Board for a violation of plaintiff's constitutional rights by an employee of the Juvenile Court Detention Center or by any other defendant named in this case. *Burgess*, 735 F.3d at 478. *See Wilson*, 2013 WL 5820276, at *8-12) (a "fleeting reference to an unspecified 'custom or practice'" in the complaint did not

8

"sufficiently identify a relevant County policy or suggest that Plaintiffs' injury was the result of such a policy.").

Accordingly, plaintiff's claims brought against the Commissioners in their official capacity under § 1983 should be dismissed.

**VI. Plaintiff's state law claims against the Board should not be dismissed.**

Plaintiff brings claims under Ohio law for assault and battery and intentional infliction of emotional distress. Plaintiff has pled that the individual defendants acted in a "malicious, wanton, or reckless" manner that was "shocking to the conscience" by assaulting him and breaking his arm in three places and delaying medical treatment. (Doc. 2 at 8). Plaintiff seeks to hold the Board liable for the individual defendants' alleged tortious conduct under the Ohio Political Subdivision Tort Liability Act, Ohio Rev. Code § 2744.02. (Doc. 14 at 5-8). The Commissioners do not address their liability for the alleged violations of state law in either their motion to dismiss or in their reply in support of the motion.

The Act establishes a three-tiered analysis for determining whether a political subdivision is immune from liability. *Jordan v. Murphy*, 145 F. App'x 513, 518 (6th Cir. 2005). First, the Act sets forth the general rule that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." *Id.* (quoting Ohio Rev. Code § 2744.02(A)(1)). Second, Ohio Rev. Code § 2744.02(B) sets out five exceptions to the general grant of immunity. *Id.* Finally, under the third tier, the political subdivision can have immunity reinstated by establishing that a defense set forth in § 2744.03 applies. *Id.*

9

The Commissioners do not dispute that plaintiff's complaint states a claim for relief under Ohio law for assault and battery and intentional infliction of emotional distress against the Juvenile Court Detention Center employees named as defendants. The Commissioners have not addressed whether political subdivision liability can be imposed on the Board for the tortious conduct of these employees or whether the Board is entitled to immunity from liability on plaintiff's state law claims under the three-tier analysis of § 2744. Thus, the Court should not grant defendants' motion to dismiss plaintiff's state law claims.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant Hamilton County Commissioners' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 9) be **GRANTED** in part. The claims brought against the Commissioners under 42 U.S.C. § 1983 should be **DISMISSED**. The motion to dismiss should be **DENIED** as to plaintiff's claims brought under Ohio law.

Date: 10/25/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF OHIO
WESTERN DIVISION

AZURIAH HOSKINS,
    Plaintiff,

vs.

HAMILTON COUNTY JUVENILE
COURT, et. al.
    Defendants.

Case No. 1:18-cv-305
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).