# UNITED STATES DISTRICT COURT
## SOUTHERN DISTICT OF OHIO
### WESTERN DIVISION

AZURIAH HOSKINS,
      Plaintiff,

      vs.

HAMILTON COUNTY JUVENILE
COURT, et al.,
      Defendants.

Case No. 1:18-cv-305
Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff Azuriah Hoskins brings this action against Hamilton County Commissioners Todd Portune, Denise Driehaus, and Chris Monzel (the Commissioners) in their official capacity; Hamilton County Juvenile Court Administrator John M. Williams in his official and individual capacities; and correctional officers Benjamin Peterson and Coley Turner and supervisors Dave Luensman[1] and Allen (Detention Center employees), each of whom he has named in their official and individual capacities. Plaintiff filed the original complaint on May 4, 2018. (Doc. 2). The allegations of the original complaint are set forth in the Report and Recommendation issued on October 25, 2018. (Doc. 18). Plaintiff's claims arise out of an incident that occurred on March 3, 2018 at the Hamilton County, Ohio Juvenile Court Detention Center (Detention Center), where plaintiff was housed. Plaintiff alleges that defendants Peterson and Turner, employees of the Detention Center, used excessive force against him and that he suffered a broken arm as a result. He brings claims under 42 U.S.C. § 1983 for violations of his Eighth Amendment rights against defendant Peterson (First Cause of Action) and against defendants Peterson and Turner (Second and Third Causes of Action); a claim for violations of his Fourth and Fourteenth Amendment rights against "defendants" for breach of a duty to train, instruct, and supervise (Fourth Cause of Action); and a claim for violation of his Fourth Amendment rights

---

[1] Plaintiff identified Luensman as "Lonzman" in the complaint.

based on excessive use of force against defendant Peterson (Fifth Cause of Action). Plaintiff

also brings claims against "defendants" for assault and battery (Sixth Cause of Action) and

intentional infliction of emotional distress (Seventh Cause of Action) under the Ohio

Constitution and Ohio law.

This matter is before the Court on the following motions:

- Defendant Williams' motion for judgment on the pleadings (Doc. 21), plaintiff's response in opposition (Doc. 37), and defendant's reply in support of his motion (Doc. 45).

- Plaintiff's motion to amend/correct his response in opposition to the motion for judgment on the pleadings (Doc. 39)

- Plaintiff's first motion to amend/correct the complaint (Doc. 22), and defendants' opposing memoranda (Docs. 23, 31)

- Plaintiff's second motion to amend/correct the complaint (Doc. 33), and defendant Williams' opposing memorandum (Doc. 41)

- The Commissioners' motion to dismiss the amended complaint (Doc. 30), plaintiff's opposing memorandum (Doc. 32), and the Commissioners' reply (Doc. 34)

- Plaintiff's first motion for judgment on the pleadings (Doc. 38), and defendants' opposing memoranda (Docs. 40, 42)

- Plaintiff's motion to attach exhibits to his motion for judgment on the pleadings (Doc. 50), the County defendants' opposing memorandum (Doc. 51), and plaintiff's reply (Doc. 52).

## II. Plaintiff's motions for leave to amend the complaint (Docs. 22, 33)

Plaintiff filed a motion for leave to amend the complaint on November 23, 2018, to

purportedly specify the Ohio Constitutional provision he brings his state law claims under and to

add a negligence claim. (Doc. 22). On November 29, 2018, plaintiff submitted a proposed

amended complaint that actually amends the complaint by: (1) adding a factual allegation that

plaintiff is permanently disfigured and disabled; and (2) adding a cause of action for negligence

(Eighth Cause of Action) under Ohio Rev. Code Ch. 2307 and Ohio Rev. Code § 2307.50. (Doc.

24). Defendants Allen, Lonzman, Peterson, and Turner filed an answer to the proposed amended complaint. (Doc. 29). The Commissioners filed a motion to dismiss the proposed amended complaint on grounds they had previously raised in their first motion to dismiss.[2] (Doc. 30). Defendant Williams filed a response in opposition to the motion to amend the complaint on the ground the amendment would be futile because the proposed amended complaint includes no factual allegations against him. (Doc. 31).

Plaintiff moved for leave to file a second amended complaint on January 11, 2019 to add Dwayne R. Bowman, superintendent of the Detention Center, as a party. (Doc. 33). Plaintiff also sought to add the following language to the beginning of ¶ 3, which identifies parties to the lawsuit: "Juvenile Court Administrative Judge John Williams appoints the superintendent of the Hamilton County Juvenile Court Detention Center, Dwayne R. Bowman. . . ." (Doc. 33 at 2). Plaintiff also proposes to add a Ninth Cause of Action for violation of his equal protection rights alleging that "Defendants' conduct as described in [sic] above, constitute [sic] a violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States and [sic] enforced through 42 U.S.C. Section 1983." (*Id*. at 9).

Defendant Williams opposes plaintiff's motion for leave to amend the complaint a second time on the ground the proposed amendment would be futile. (Doc. 41). Williams argues that addition of the proposed language would not change the defects in the amended complaint, which fails to assert any specific allegations of wrongdoing by him. (*Id*. at 2). He alleges the proposed amendment does not indicate why his appointment of the superintendent of the Detention Center harmed plaintiff and why Williams should be held liable simply for appointing the superintendent. The Commissioners and Detention Center employees also oppose the motion

---

[2] The Court granted the motion as to plaintiff's § 1983 claims against the Commissioners. (Docs. 18, 25).

3

for leave to file a second amended complaint on the grounds of futility. (Doc. 43). They contend that plaintiff has not pled any facts to show that Bowman took an action that allegedly violated plaintiff's rights, and Bowman has not been the superintendent of the Detention Center since September 2016, well before the March 3, 2018 incident giving rise to plaintiff's complaint. (*Id*. at 2). Defendants further assert that plaintiff has not pled facts to show he was treated differently than a similarly-situated individual so as to support a claim for violation of his equal protection rights. (*Id*., citing *Richland Bookmart, Inc., v. Nichols*, 278 F.3d 570, 574 (6th Cir. 2002) ("The Equal Protection Clause protects against arbitrary classifications, and requires that similarly situated persons be treated equally.")).

The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted. *Foman v. Davis,* 371 U.S. 178 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 421 (6th Cir. 2000).

Plaintiff should be granted leave to file the proposed first amended complaint to add a factual allegation that his injury is permanent and to add a negligence claim. (Doc. 24). Plaintiff should be denied leave to amend the complaint a second time. First, it would be futile for plaintiff to add Bowman as a party. The proposed second amended complaint states that Bowman was appointed as the superintendent of the Detention Center, but it includes no factual

allegations against him. The complaint as amended does not give Bowman fair notice of any claims against him and the grounds upon which those claims rest. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Thus, the proposed second amended complaint does not state a claim for relief against Bowman.

Second, it would be futile to allow plaintiff to amend the complaint to add information about Williams in the description of the parties. As explained *infra*, plaintiff has not made any specific allegations in the amended complaint which, if accepted as true, show that Williams can be held liable for plaintiff's alleged injury. The proposed second amendment does not cure this defect.

Third, it would be futile for plaintiff to bring an equal protection claim. Plaintiff has not alleged facts to show that defendants' conduct burdens a fundamental right, that he is a member of a suspect class, or that defendants have treated him differently without any rational basis, so as to state a claim for violation of his equal protection rights. *See Short v. Mary*, 617 F. App'x 410, 413 (6th Cir. 2015). Thus, plaintiff's motion for leave to file a second amended complaint (Doc. 33) should be denied.

## II. Plaintiff's motions for leave to amend/correct filings (Docs. 39, 50)

Plaintiff seeks leave to file a corrected memorandum in response to defendant Williams' motion for judgment on the pleadings to include pages 2-14 of the memorandum. (Doc. 39). Defendant Williams does not oppose the motion. Plaintiff's motion for leave to file (Doc. 39) is therefore granted and the corrected memorandum (Doc. 39-1) is accepted for filing.

On April 2, 2019, plaintiff filed a motion for leave to add two exhibits to his motion for judgment on the pleadings. (Doc. 50). Defendants oppose the motion on the ground plaintiff filed the motion in contravention of the Court's Order issued on February 2, 2019, which

5

prohibits the parties from filing "any additional motions until the pending dispositive motions have been ruled on by the district judge and the scheduling conference has been held." (Doc. 51 at 2, citing Doc. 47). The dispositive motions remain pending and no scheduling conference has been held to date. Counsel for plaintiff does not deny in the reply in support of the motion (Doc. 52) that motion was filed in contravention of the Court's February 2, 2019 Order. Further, as discussed *infra*, matters outside the pleadings are not properly considered in connection with plaintiff's motion for judgment on the pleadings. Plaintiff's motion to file the exhibits (Doc. 50) is therefore denied.

## III. Defendants' motions for judgment on the pleadings and to dismiss plaintiff's claims

### A. Standard of review

In ruling on a Rule 12(b)(6) motion, the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson*, 551 U.S. at 93 (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 555, 570). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his

entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). The Court need not accept as true the plaintiff's legal conclusions. *See Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003).

Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted)). However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

**B. The Commissioners' Motion to Dismiss (Doc. 30) plaintiff's § 1983 claims should be granted.**

The Commissioners filed a motion to dismiss the original complaint on May 24, 2019 (Doc. 9), which the Court granted as to the § 1983 claims. (Doc. 18, 25). The state law claims against the Commissioners remain pending. The Commissioners now move to dismiss the amended complaint, which does not appear to raise any new § 1983 claims against the Commissioners. (Doc. 30). They allege that under Ohio statutory law, the Hamilton County, Ohio Board of County Commissioners (the Board) has no authority or operational control over the Hamilton County Juvenile Court or the Detention Center, including no say in who the Juvenile Court Detention Center hires or how those employees are trained or disciplined. The Commissioners argue that they therefore cannot be held liable in their individual or official

capacities for the actions and events alleged in the complaint.

Plaintiff argues in response that it is not the Court's task at the pleading stage to undertake an exhaustive analysis of the legal validity of a claim. (Doc. 32). Plaintiff asserts that the complaint need only give the defendant fair notice of what the claim is and the grounds upon which it rests. Plaintiff contends that he alleged in the original complaint that the Board is "responsible for regulating and supervising Hamilton County Juvenile Court and the detention center is part of the Juvenile Court." (*Id*. at 2, 4-5, citing Doc. 2). Plaintiff further alleges that the Board's "website" shows "they have some responsibility for the Juvenile Court Detention Center." (*Id*. at 5). Plaintiff contends that the case must proceed to the discovery stage for a determination of whether defendants can be held liable under Ohio law for proximately causing harm to plaintiff either because they had an affirmative duty to act, they owed a special duty to plaintiff, or the behavior at issue was wanton and reckless. (*Id*. at 7-9).

In reply, the Commissioners assert that Ohio Rev. Code § 2151.70 clearly demonstrates that they have no operational control over a county juvenile detention facility. (Doc. 34). They contend that under Ohio law, county officials and entities have only such authority as the Ohio General Assembly affirmatively grants "in clear and uncertain terms." (*Id*. at 2, citing *Geauga Cty. Bd. of Commrs. v. Munn Rd. Sand & Gravel*, 67 Ohio St.3d 579, 583, 621 N.E.2d 696 (1993)). The Commissioners allege that Ohio law does not grant the Board the authority to participate in the operation of the Juvenile Court facilities, and they cannot be held liable for plaintiff's alleged injury. (*Id*. at 2-3).

Plaintiff's complaint fails to state a claim for relief against the Board under § 1983. Plaintiff's complaint against the Board is in reality an official capacity suit against Hamilton County, the entity of which the Board is an agent. *Monell v. New York City Dept. of Social*

*Services*, 436 U.S. 658, 690 (1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Smith v. Grady*, 960 F. Supp. 2d 735, 740 (S.D. Ohio 2013) (an Ohio county can be sued under § 1983 through its board of commissioners) (citing Ohio Rev. Code § 305.12). Counties are not vicariously liable for the actions of their employees under § 1983. *Id.* "It is firmly established that . . . a county . . . cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief under § 1983 against Hamilton County, plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom" of the county. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). *Cf. Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Plaintiff may show the existence of an unlawful policy or custom by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). Counties and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

In this case, plaintiff makes only one allegation in the amended complaint related to the Board. When identifying the parties, plaintiff alleges that "the Hamilton County Board of Commissioners are [sic] responsible for regulating and supervising [the] Hamilton County Ohio

Juvenile Court." (Doc. 24 at 1). Plaintiff does not allege that the Board exercised any supervisory authority over employees of the Detention Center, which is where the incident giving rise to the complaint occurred. Although plaintiff relies on provisions of the Ohio Revised Code to argue the Board is responsible for "regulating and supervising" the Hamilton County Juvenile Court (and the Detention Center), plaintiff has not cited any provisions of the Code that vest such authority in the Board.[3] Plaintiff's barebones allegation that the Commissioners are responsible for regulating and supervising the Juvenile Court is insufficient to support the imposition of liability on the Board for alleged acts by Detention Center employees under a failure to train or any other theory of liability. *See Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) ("[G]eneral allegations are insufficient to support a failure-to-train claim" under § 1983); *Phillips v. Roane County*, 534 F.3d 531, 543-44 (6th Cir. 2008).

Nor does plaintiff make any allegations in the amended complaint that the Board or the County had in place a policy or custom related to operation or supervision of the Detention Center and that such policy or custom led to his injury. Instead, plaintiff seeks to impose § 1983 liability on the Board based on a theory of *respondeat superior* by alleging that the Board is "responsible for regulating and supervising the Hamilton County Juvenile Court" (Doc. 24 at 1), and by extension the Detention Center (Doc. 32 at 5). This vague and generalized allegation does not suffice to state a claim for relief against the Board for violation of plaintiff's

---

[3] The Ohio statutory scheme does not support plaintiff's position that the Board has any responsibility for training, instructing, and supervising Detention Center employees. The Board is responsible for appropriating funding annually as requested by the Juvenile Court judge for the maintenance and operation of the Detention Center. Ohio Rev. Code § 2151.10. However, it is the Juvenile Court judge who appoints the superintendent of the Detention Center. Ohio Rev. Code §§ 2151.70, 2151.65. The judge fixes the compensation of the superintendent and the other employees of the facility, which together with other maintenance expenses must be paid in accordance with Ohio Rev. Code § 2151.13. Ohio Rev. Code § 2151.70. The superintendent in turn "shall appoint all employees of such facilities"; "shall have entire executive charge of such facility, under supervision of the judge"; and "shall control, manage, and operate the facility, and shall have custody of its property, files and records." *Id*. Thus, under the statutory scheme, the Board has the authority to appropriate funds for the Detention Center but no authority over the facility's hiring decisions, executive management decisions, or daily operations.

constitutional rights.  *Gregory*, 220 F.3d at 441.  Plaintiff's § 1983 claims against the Board

should be dismissed.

**C.  Defendant Williams' motion for judgment on the pleadings (Doc. 21) on plaintiff's § 1983 claims should be granted.**

Defendant Williams moves for judgment on the pleadings on the original complaint.[4]

(Doc. 21).  Williams alleges that the complaint fails to state a claim against him because it names

him only in the caption and does not assert any factual allegations against him.  (*Id.* at 3-4).

Williams asserts that insofar as plaintiff seeks to sue him in his individual capacity under § 1983

for failure to train, instruct, and supervise Detention Center employees, he cannot be held liable

because he has no responsibility for the training, instruction, or supervision of these employees

under Ohio law.  (*Id.* at 6, citing Ohio Rev. Code § 2151.70).  He argues he cannot be sued in his

official capacity because the Hamilton County Juvenile Court has immunity from suit under the

Eleventh Amendment, and the Juvenile Court is not *sui juris*.  (*Id.* at 4-5).

In response, plaintiff alleges that Williams received fair notice of the substance of his

claims.  (Doc. 39-1 at 5).  Plaintiff asserts: "In the case at bar, because Hoskins complains about

the Juvenile Court Detention Center it is implied the Juvenile Court Administrative Judge is

responsible for it."  (*Id.* at 6).  Plaintiff also alleges that "the second amended complaint [] lists

Williams as being responsible for regulating and supervising Hamilton County Juvenile Court

and the detention center is a part of the Juvenile Court."  (*Id.*, citing Doc. 33, Proposed Second

Amended Complaint; Exh. 1, "Juvenile Court Website.").  Plaintiff contends that Ohio Rev.

Code § 2152.42(A) vests responsibility for the Detention Center in "the administrative juvenile

---

[4] Williams argues that his motion for judgment on the pleadings is not mooted by the filing of an amended complaint because plaintiff has not made any new, specific allegations related to him in the amended complaint. (Doc. 45 at 8; *see Polk v. Psychiatric Prof'l Servs.*, No. 09-cv-799, 2010 WL 1908252, at *2 (S.D. Ohio Mar. 29, 2010) (Report and Recommendation), *adopted,* 2010 WL 1907586 (S.D. Ohio May 12, 2010)).  The Court agrees and has therefore considered the motion as it relates to the amended complaint (Doc. 24).

court judge" and the Juvenile Court website shows that Williams has responsibility for the Detention Center. (*Id*.). Plaintiff asserts he "assume[es] the [Detention Center] was created at the recommendation of a juvenile court judge," although discovery is needed to confirm this, and that under the relevant Ohio statutes, Williams is responsible for juveniles at the Detention Center. (*Id*. at 7, citing Ohio Rev. Code §§ 215.03, 2153.08. 2152.41, 2151.02). Plaintiff argues that because the superintendent of the Detention Center is under Williams' direction, Williams has "supervisory [] responsibility and liability." (*Id*. at 8, citing Ohio Rev. Code § 2152.42). Plaintiff argues that Williams is liable if he had a special duty to act, which he did by virtue of his jurisdiction over children at the Detention Center and his authority to appoint and control the administrator of the Detention Center. (*Id*. at 8-11). Plaintiff also contends that Williams is not entitled to Eleventh Amendment immunity insofar as he is sued in his official capacity if the Detention Center was implementing an unconstitutional policy. (*Id*. at 13).

In reply, Williams notes that plaintiff has not been granted leave to file a second amended complaint, and it is improper for plaintiff to cite any allegations made against Williams in the proposed second amended complaint in response to the motion for judgment on the pleadings. (Doc. 45 at 2). Williams argues that to the extent the complaint alleges that Williams is responsible for training, instructing, or supervising the individual Detention Center employees, plaintiff has not stated a claim against him under § 1983. (*Id*.). Williams argues he does not have any control or authority over Detention Center employees under Ohio law, and he therefore cannot be held individually liable for the alleged acts of the Detention Center employees. Williams contends he is entitled to Eleventh Amendment immunity insofar as he is sued in his official capacity under § 1983.

Defendant Williams cannot be held liable in his official capacity under § 1983 because Williams is entitled to Eleventh Amendment immunity. Any form of relief sought against a State in federal court is barred under the Eleventh Amendment unless the State has waived its sovereign immunity. *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 58 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Hamilton's Bogarts, Inc. v. Mich.*, 501 F.3d 644, 654 n.8 (6th Cir. 2007). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Ford Motor Company v. Dept. of Treasury,* 323 U.S. 459, 464 (1945). A suit against state officials in their official capacities would, in reality, be a way of pleading the action against the entity of which the state officials are agents. *Monell*, 436 U.S. at 690. Thus, actions against state officials in their official capacities are included in the Eleventh Amendment bar. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes,* 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac County*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver.") (citation and ellipsis omitted)).

A claim against a Juvenile Court judge in his official capacity is treated as a suit against the Juvenile Court, which is an arm of the state. *Smith v. Grady*, 960 F. Supp. 2d 735, 752 (S.D. Ohio 2013). This Court has previously held that because the Hamilton County Juvenile Court is an arm of the state, a juvenile court judge who is sued in his or her official capacity is entitled to

sovereign immunity under the Eleventh Amendment. *Id*. *See also Hunter v. Hamilton County*, No. 1:15-cv-540, 2016 WL 11463840, at *6 (S.D. Ohio May 5, 2016) (Report and Recommendation), *adopted*, 2016 WL 4836810 (S.D. Ohio Sept. 15, 2016) (citing *Hafer v. Melo*, 502 U.S. 21, 25-26 (1991) (citations omitted). Therefore, defendant Williams, in his official capacity, is immune from suit under the Eleventh Amendment.

Plaintiff's amended complaint against defendant Williams in his individual capacity should also be dismissed because plaintiff does not make any factual allegations against Williams in the amended complaint. (Doc. 24). To the extent plaintiff alleges Williams has supervisory liability for the actions allegedly taken by Detention Center employees, *respondeat superior* is not a basis for imposing § 1983 liability, which must be premised on more than the right to supervise or control employees. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The "failure of a supervisory official to supervise, control, or train the offending individual officers is not actionable absent a showing that the official either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982); *see also McQueen v. Beecher Community Schools*, 433 F.3d 460, 470 (6th Cir. 2006). Liability under § 1983 is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (citations omitted).

Plaintiff does not allege that Williams "either encouraged the specific incident of misconduct or in some other way directly participated in it" or that he "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *See Hays,* 668 F.2d at 874. Plaintiff cannot hold Williams liable on his § 1983 claims

under a theory of *respondeat superior. See Everson*, 556 F.3d at 495. Plaintiff's § 1983 claims

brought against Williams in his individual capacity should be dismissed.

**D.    The state law claims against the Board and Williams should be dismissed.**

Plaintiff brings claims under Ohio law for assault and battery, negligence, and intentional

infliction of emotional distress. (Doc. 24). Plaintiff has pled facts to show that the Detention

Center employees acted in a "malicious, wanton, or reckless" manner that was "shocking to the

conscience or outrageous" by breaking his arm in three places and leaving him in his room for

hours when they knew or should have known he was seriously injured. (*Id.*). Plaintiff seeks to

hold the Board and Williams liable for the violations of his rights under state law. Plaintiff

contends that defendants had notice of the state law claims and are not immune from liability

under the Ohio Political Subdivision Tort Liability Act, Ohio Rev. Code § 2744.02.

**1.    The state law claims against the Board of Commissioners should be
dismissed.**

Ohio Rev. Code § 2744.02 establishes a three-tiered analysis for determining whether a

political subdivision is immune from liability. *Jordan v. Murphy*, 145 F. App'x 513, 518 (6th

Cir. 2005). First, the Act sets forth the general rule that "a political subdivision is not liable in

damages in a civil action for injury, death, or loss to person or property allegedly caused by any

act or omission of the political subdivision or an employee of the political subdivision in

connection with a governmental or proprietary function." *Id.* (quoting Ohio Rev. Code §

2744.02(A)(1)). Second, Ohio Rev. Code § 2744.02(B) sets out five exceptions to the general

grant of immunity. *Id.* Finally, under the third tier, the political subdivision can have immunity

reinstated by establishing that a defense set forth in § 2744.03 applies. *Id.*

Plaintiff argues that the Board does not have immunity from liability under §

2744.02(B)(2) because it had an affirmative duty to act as shown by its website. (Doc. 32 at 5).

15

Plaintiff contends that the "Hamilton County Juvenile Court and Youth Center" is listed under "services" on the "Board of Hamilton County website," and the website states that the Board created the "appointed office of County Administrator to manage Board policies and prepare the County budget." (*Id.*). Plaintiff alleges based on these assertions that the Board has "a proprietary responsibility to the Juvenile Court Youth Center" and "liability for injury for the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." (*Id.*). Plaintiff alleges that discovery must be conducted to determine if the proximate cause of his injury was "the Board's budgetary, hiring, or 'Hamilton County Board of Commissioners Policy Manual,' hiring or negligent acts of the county administrator." (*Id.* at 5-6). Second, plaintiff argues the Board is not immune from liability under Ohio Rev. Code § 2744.03(A)(6)(b) if the officers' conduct was "wanton and reckless" as alleged in the complaint, and discovery must be completed before this determination is made. (*Id.* at 6-7). Third, plaintiff argues that the Board is not immune from liability under Ohio Rev. Code § 2744.02(B)(5) if it had a "special duty to act." (*Id.* at 7-8). Plaintiff alleges that discovery must be completed to ascertain if "the Board knew of multiple excessive force cases and even if they knew Officer Peterson is predisposed to excessive force." (*Id.* at 8).

The allegations of the complaint do not permit a finding that the Board of Commissioners can be held liable under state law for the negligence or intentional torts of an employee of the Detention Center. A political subdivision is generally not liable in damages. *Greene Cty. Agric. Soc. v. Liming*, 733 N.E.2d 1141, 1146 (Ohio 2000). *See also Woods v. Miamisburg City Schools*, 254 F. Supp. 2d 868, 880 (S.D. Ohio 2003) ("Ohio courts have consistently held that political subdivisions, particularly those acting in a governmental capacity, are exempt from intentional tort claims."). Plaintiff has not alleged facts to show that an exception to liability

applies here. Plaintiff argues that the functions at issue are proprietary functions. However, he seeks to hold the Board liable based on its alleged authority to regulate and supervise the Detention Center. "The . . . operation of . . . places of juvenile detention . . . or any other detention facility, as defined in section 2921.01 of the Revised Code," is a governmental function under Ohio law. Ohio Rev. Code § 2744.01(C)(1)(h). *See also Smeal ex rel. Smeal v. Alexander,* No. 5:06-cv-2109, 2006 WL 3469637, at *9 (N.D. Ohio Nov. 30, 2006) ("the provision of police services[,] judicial, quasi-judicial and prosecutorial functions[,] and the operation of jails" are defined as governmental functions under Ohio Rev. Code §§ 2744.01(C)(2)(a), (f) and (h)). Plaintiff has not shown there is an exception to the Board's immunity for damages in connection with a governmental function under § 2744.02(B) that potentially applies to his intentional tort or negligence claims.

In addition, the "special duty" or "public duty" rule has no applicability here. The rule, which is a defense to liability of employees of a political subdivision, holds that "a municipality owes a duty only to the general public when performing functions imposed on it by law, and therefore it is not liable for a breach of that duty resulting in harm to an individual, absent a special duty owed to the injured person." *Est. of Graves v. Circleville*, 922 N.E.2d 201, 204 (Ohio 2010). The rule is not applicable in civil actions, such as this case, which are "brought against employees of political subdivisions for wanton or reckless conduct" after the effective date of Ohio Rev. Code Ch. 2744. *Id.* at 202, syll.

Plaintiff's allegations do not permit a finding that the Board can be held liable under state law for any damages that he claims proximately resulted from the negligence or intentional tort of a Detention Center employee. The state law claims against the Board should be dismissed.

## 2. The state law claims against Williams should be dismissed.

Defendant Williams moves to dismiss plaintiff's state law claims against him on the grounds Williams did not personally engage in any tortious conduct, and neither he nor the Juvenile Court can be held vicariously liable for the torts of certain Detention Center employees. (Doc. 21). Williams contends that plaintiff's claims premised on the Ohio Constitution must fail because plaintiff has not identified a specific constitutional provision that he allegedly violated, and there is no private right of action under the Ohio Constitution. (*Id.* at 6). Williams alleges he did not employ or control employees of the Detention Center, but instead those employees are under the direct management and supervision of the facility's Superintendent pursuant to Ohio Rev. Code § 2151.70. (*Id.* at 7). In addition, Williams alleges that all state law claims brought against him must be dismissed because he has statutory immunity from liability under Ohio Rev. Code §§ 2744.02, 2744.03, and 9.86. (*Id.* at 8-9).

Plaintiff seeks to hold Williams liable under the Ohio Constitution and laws on the grounds the amended complaint gives him fair notice of the claims against him; the complaint alleges that that Williams is "responsible for regulating and supervising Hamilton County Juvenile Court and the detention center is part of the Juvenile Court"; Ohio Rev. Code § 2152.42(A) vests responsibility for the Detention Center in "the administrative juvenile court judge"; and the Hamilton County Juvenile Court website indicates Williams has responsibility for the Detention Center. (Doc. 39 at 5-6). Plaintiff alleges that "[t]he juvenile court has ultimate responsibility for a child the juvenile court has placed in the Juvenile Court Detention facility" and for the superintendent and employees of the Detention Center. (*Id.* at 6-8, citing Ohio Rev. Code §§ 5139.04(B), (G), 2152.18(A)).[5] Plaintiff alleges that Williams, the

---

[5] Section 5139.04 defines the powers and duties of the department of youth services (DYS). Section § 2152.18(A) states that when a juvenile court commits a delinquent child to the custody of the DYS, the court shall specify that

administrative judge, appoints the superintendent of the Detention Center and has "supervisory responsibility and liability" for the superintendent and other employees of the Detention Center. (*Id.* at 8, citing Ohio Rev. Code § 2152.42[6]). Plaintiff indicates that by virtue of their supervisory roles and responsibilities, the Juvenile Court and Williams are liable if they "negligently perform[] the duty to protect" a child over whom the Juvenile Court has jurisdiction, including a child placed in the custody of the Detention Center. (*Id.* at 8, citing Ohio Rev. Code §§ 2151.02(C)(6)[7], 2152.42(A)). Plaintiff alleges that Williams is not immune from liability under Ohio Rev. Code § 2744.02.

Plaintiff has not stated a claim for relief under state law against Williams in either his official or his individual capacity because defendant Williams is immune from such relief. Defendant Williams cannot be sued in federal court in his official capacity under Ohio law. As stated *supra*, a suit against defendant Williams in his official capacity is in essence a suit against the Juvenile Court, which is an arm of the State of Ohio. As such, plaintiff's state law claims are barred by the Eleventh Amendment. *See McCormick v. Miami Univ.*, 693 F.3d 654, 664 (6th Cir. 2012) (state law claims against state university and its officials barred by Eleventh Amendment). *See also Experimental Holdings, Inc. v. Farris,* 503 F.3d 514, 520-21 (6th Cir. 2007) ("The Supreme Court has squarely held that pendent state law claims against state officials in their official capacity are barred by the Eleventh Amendment.") (citing *Pennhurst State Sch.,* 465 U.S. at 117-21).

---

the child is "to be institutionalized in a secure facility" rather than identifying the specific institution in which the DYS is to place the child.

[6] Section 2152.42 provides: "Any detention facility . . . shall be under the direction of a superintendent [who] shall be appointed by, and under the direction of, the judge or judges [and] serves at the pleasure of the juvenile court. . . ."

[7] Section 2151.02, "'Delinquent child' defined," has been repealed.

In addition, the amended complaint does not allege any facts to support a finding that

Williams can be held personally liable for plaintiff's injuries. Plaintiff mentions defendant

Williams, as well as the Juvenile Court, once in the amended complaint, alleging that "Judge

Williams [is] responsible for regulating and supervising Hamilton County Ohio Juvenile Court."

(Doc. 23, ¶ 3). Plaintiff has not cited any authority to show that Williams can be held

individually liable for the tortious acts or omissions of employees of the Detention Center simply

by virtue of his role as administrative judge over the Juvenile Court. As a Juvenile Court judge,

defendant Williams is under no duty to train, instruct, or supervise the employees of the

Detention Center. That responsibility is held by the Superintendent of the Detention Center. *See*

Ohio Rev. Code § 2151.70.

Nor has plaintiff cited any authority indicating that Williams is not exempt from liability

under Ohio Rev. Code § 2743.02(F). As the Sixth Circuit has explained:

> When faced with a claim of immunity to a supplemental state claim, a federal court
> must look to the appropriate state law to ascertain the nature of the immunity.
> *Cullinan v. Abramson*, 128 F.3d 301, 312 (6th Cir. 1997). And Ohio has not
> consented to state law actions against the State of Ohio and state officials outside
> of its own courts. *See Jones v. Hamilton Cty. Sheriff*, 838 F.3d 782, 786 (6th Cir.
> 2016). Ohio Rev. Code § 9.86 provides that no "employee shall be liable in any
> civil action that arises under the law of this state for damage or injury caused in the
> performance of his duties, unless the . . . employee's actions were manifestly
> outside the scope of his employment or official responsibilities, or unless the officer
> or employee acted with malicious purpose, in bad faith, or in a wanton or reckless
> manner." Ohio Revised Code § 2743.02(F), in turn, establishes that lawsuits
> alleging damages against state employees "shall first be filed against the state in the
> court of claims that has exclusive, original jurisdiction to determine, initially,
> whether the officer or employee is entitled to personal immunity under section
> 9.86." Thus, "Ohio law requires that, as a condition precedent to asserting a cause
> of action against a state employee in his individual capacity, the Court of Claims
> must first determine that the employee is not entitled to the immunity provided for
> in Revised Code section 9.86." *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir.
> 1989); *see also McCormick v. Miami Univ.*, 693 F.3d 654, 665 (6th Cir. 2012).

*In re Ohio Execution Protocol Litig.*, 709 F. App'x 779, 784 (6th Cir. 2017). Accordingly, under

Ohio Rev. Code §§ 9.86 and 2743.02(F), this Court lacks jurisdiction to hear state law claims

against Ohio officials until the Ohio Court of Claims has first determined that the officials are not entitled to immunity. *See id.* As there is no allegation that the Ohio Court of Claims has made such a determination with regard to defendant Williams in this case, plaintiff's state law claims against defendant Williams must be dismissed for lack of subject matter jurisdiction. *See Adams v. Coughlan*, No. 2:14-cv-41, 2015 WL 300465, at *4 (S.D. Ohio Jan. 22, 2015) ("[T]he Sixth Circuit has repeatedly held that federal courts lack subject matter jurisdiction to hear state law claims against state employees where those claims were not first brought before the Ohio Court of Claims."). Thus, plaintiff has failed to state a claim for relief against Williams for a violation of Ohio law.

Plaintiff has not alleged facts to show that Williams can be held liable under Ohio law in his official or individual capacity for the alleged tortious acts or omissions of the Detention Center employees. Plaintiff's state law claims against defendant Williams should be dismissed.

## IV. Plaintiff's motion for judgment on the pleadings (Doc. 38)

Plaintiff moves for judgment on the pleadings against the Detention Center employees and Williams under Fed. R. Civ. P. 12(c). (Doc. 38). Plaintiff alleges that it was objectively unreasonable for defendant Peterson "to apply that amount of force" to plaintiff, and Peterson committed battery by intentionally breaking plaintiff's arm; Turner "committed assault" when he "threatened to continue torturing" plaintiff, and "Turner could have stopped Peterson which caused [plaintiff's] injury"; Turner and Peterson knew that their behavior caused severe emotional distress to plaintiff; and Williams, Bowman, Allen, and Luensman "acquiesced to erroneous training of correctional officers." (*Id*. at 1).

Defendant Williams opposes plaintiff's motion for the reasons set forth in his motion for judgment on the pleadings. (Doc. 40). In light of the Court's determination that the complaint as

amended fails to state a claim for relief against Williams, plaintiff is not entitled to judgment on the pleadings against Williams.

The County defendants have requested an extension of time to respond to the motion. (Doc. 42). They note that plaintiff has attached several exhibits to the motion, and they state they would need time to conduct discovery if the Court were to convert the motion to one for summary judgment.

Although plaintiff purportedly brings his motion under Rule 12(c), it appears he moves for summary judgment under Fed. R. Civ. P. 56. Plaintiff references the summary judgment standard throughout his motion. (Doc. 38 at 1, 5, 15, citing *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 420 (6th Cir. 2009)). Further, plaintiff has presented several exhibits in support of his motion, which are not properly considered in connection with a Rule 12(c) motion because they are not referenced in or attached to the pleadings and are not integral to plaintiff's claims. *See Commercial Money Center, Inc. v. Illinois Union Ins. Co.,* 508 F. 3d 327, 336 (6th Cir. 2007). Unless those matters are excluded by the Court, "plaintiff's Rule 12(c) motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

This is a fact intensive case. The parties have not had an opportunity to conduct discovery. The parties should have an opportunity to conduct discovery and to present relevant evidence before plaintiff's claims are considered on the merits. Therefore, the Court declines to convert plaintiff's motion for judgment on the pleadings to a motion for summary judgment and to consider matters outside the pleadings. Plaintiff is not entitled to judgment in his favor based on the facts alleged in the complaint. Plaintiff's motion for judgment on the pleadings should therefore be denied.

**IT IS THEREFORE ORDERED THAT:**

1.     Plaintiff's first motion to amend the complaint (Doc. 22) is **GRANTED.**

2.     Plaintiff's motion to correct his response to defendant Williams' motion for judgment on the pleadings (Doc. 39) is **GRANTED.**

3.     Plaintiff's motion to file exhibits to his motion for judgment on the pleadings (Doc. 50) is **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1.     Plaintiff's second motion to amend/correct the complaint (Doc. 33) be **DENIED**

2.     Defendant Williams' motion for judgment on the pleadings (Doc. 21) be **GRANTED** and defendant Williams be dismissed from the lawsuit.

3.     Defendant Hamilton County Commissioners' motion to dismiss the amended complaint (Doc. 30) be **GRANTED** and the Commissioners be dismissed from the lawsuit.

4.     Plaintiff's motion for judgment on the pleadings (Doc. 38) be **DENIED**.

Date: 8/12/19

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

AZURIAH HOSKINS,
      Plaintiff,

    vs.

HAMILTON COUNTY JUVENILE
COURT, et. al.
      Defendants.

Case No. 1:18-cv-305

Barrett, J.

Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).